Citation Nr: 1452648 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 06-15 970 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to an extraschedular evaluation for right knee degenerative joint disease and chondromalacia patellae.

2. Entitlement to an extraschedular evaluation for left knee degenerative joint disease and chondromalacia patellae.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

D. Cherry, Counsel



INTRODUCTION

The Veteran served on active duty from July 1974 to July 1994. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2003 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. The case has since been transferred to the RO in St. Louis, Missouri.

In May 2012, the Board denied increased ratings for degenerative joint disease of the knees and separate ratings for instability of both knees. The Veteran appealed to the United States Court of Appeals for Veterans Claims (the Court). In an August 2013 memorandum decision, the Court vacated the part of the Board's decision that determined that referral for consideration of extraschedular rating was not required and remanded the matter for readjudication consistent with this decision. The Court affirmed the remainder of the Board's decision, in particular the denial of higher schedular ratings for the Veteran's service-connected knee disabilities. 

In February 2014, the Board remanded the claims for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board directed a VA examiner to specially comment on any impairment in employment caused by bilateral knee disabilities, to include degenerative joint disease and chondromalacia patellae. 

The medical evidence reflects that the Veteran received injections in both of her knees in late March 2014 and that she underwent a VA examination in early April 2014. In a September 2014 appellant's post-remand brief, the Veteran's representative appears to be arguing that the VA examiner did not consider whether the findings on the physical examination were reflective of her ordinary limitations or temporary post-injection improvement. Given the proximity of the Veteran's VA examination to her knee injections, the Board agrees that a new VA examination is necessary to ascertain the severity of her knee disability.

Lastly, an April 2009 statement reflects that the Veteran was scheduled for a physical examination on April 20, 2009, with Dr. David Collipp of NewSouth NeuroSpine, LLC in Flowood, Mississippi regarding her knee disabilities. The AOJ should attempt to obtain this examination record as well as any additional treatment records from the Southern Orthopedic Surgeons since April 2014 and the Montgomery (Alabama) VA Medical center since February 2014.

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify all treatment for her knee disabilities. Attempt to obtain any records from Dr. David Collipp of NewSouth NeuroSpine, LLC in Flowood, Mississippi, to include a physical examination scheduled to be conducted on April 20, 2009. Obtain any additional records from the Southern Orthopedic Surgeons since April 2014. Regardless of the claimant's response, obtain all records from the Montgomery (Alabama) VA Medical center since February 2014.

2. Thereafter, the Veteran must be afforded a VA examination to include orthopedic findings and determine the nature and extent of her bilateral knee disabilities. The claims folder is to be made available to the examiner to review. 

The examiner is to provide a detailed review of the appellant's pertinent medical history, current complaints, and the nature and extent of any disability due to bilateral knee disabilities, to include degenerative joint disease and chondromalacia patellae. 

The examiner should specially comment on any impairment in employment caused by both the bilateral degenerative joint disease and the bilateral chondromalacia patellae.

To the extent possible, the examiner should attempt to differentiate between the symptomatology of the bilateral degenerative joint disease and the symptomatology of the bilateral chondromalacia patellae. 

The examiner should note when the Veteran last received knee injection treatment and should comment whether the knee injection treatment results in a temporary improvement in her symptomatology. If the treatment does result in a temporary improvement, the examiner should opine on the level of functioning she has when there is no longer temporary improvement in symptomatology due to knee injection treatment.

A complete rationale for any opinion offered must be provided.

3. After the development requested has been completed to the extent possible, the AOJ should review the examination report to ensure that it is in complete compliance with the directives of this REMAND. If the report is deficient in any manner, the AOJ must implement corrective procedures at once.

4. Thereafter, the Veteran's appeal must be referred to the Director, Compensation and Pension Service, for consideration of whether an extra-schedular rating is warranted for the service-connected bilateral degenerative joint disease of the knees and bilateral chondromalacia patellae. The response from the Director, Compensation and Pension Service, must be included in the claims file.
 
5. After completing the above actions, the AOJ should readjudicate the Veteran's claims. If any claim remains denied, the Veteran should be issued a supplemental statement of the case with a copy to her representative, and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).